IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-545-BO

| | |
|---|---|
| APOSTLE ANTHONY L. McNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| TARBORO DISTRICT ATTORNEY ) | |
| OFFICE, and STATE COUNSELOR ) | |
| WAYNE S. BOYETTE. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

The precise nature of Plaintiff's claim is unclear. However, it apparently relates to state criminal charges brought against Defendant on or about March 22, 2010. These

charges included injury to personal property and resisting a public officer (DE 1-2, pg. 3). Plaintiff purports that his claim is being filed pursuant to 42 U.S.C. § 1983. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). *See also*, Smith v. McCarthy, 349 Fed. Appx. 851, 859 (4th Cir. 2009). Although Plaintiff's Complaint is vague, it is clear that Defendant Tarboro District Attorney Office is protected by absolute immunity with regard to these claims. Likewise, actions attacking the validity of the fact or length of confinement are not cognizable under 42 U.S.C. § 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable . . . Thus, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
> Heck, 512 U.S. at 486-487.

If Plaintiff were to succeed on these claims, his state prosecution would necessarily be invalidated. Therefore his Complaint must be dismissed. Similarly, "federal courts should abstain from the decision of constitutional challenges to a state action . . . whenever the federal claims have been or could be presented in ongoing state judicial proceedings

that concern important state interests." <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, 887 F.2d 49, 52 (4th Cir. 1989)(internal citations and quotations omitted). The issues raised by Plaintiff involve important state interests and clearly can be presented in the ongoing state judicial proceedings in this matter.

Finally, Plaintiff does not make sufficient factual allegations against Defendant Wayne Boyette to support any claim. Regardless, Mr. Boyette—Plaintiff's court appointed trial attorney—is not a state actor and therefore is generally not amenable to suit under 42 U.S.C. § 1983. <u>Hall v. Quillen</u>, 631 F.2d 1154 (4th Cir. 1980), *cert denied*, 454 U.S. 1141 (1982).

## Conclusion

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 6th day of December, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE