IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-545-FL

| | | |
|---|---|---|
| APOSTLE ANTHONY L. MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TARBORO DISTRICT ATTORNEY'S OFFICE and WAYNE S. BOYETTE, | ) ) ) | |
| Defendants. | ) | |

NO. 5:10-CV-546-FL

| | | |
|---|---|---|
| APOSTLE ANTHONY L. MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROCKY MOUNT DISTRICT ATTORNEY'S OFFICE, | ) ) | |
| Defendant. | ) | |

NO. 5:10-CV-561-FL

| | | |
|---|---|---|
| APOSTLE ANTHONY L. MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROCKY MOUNT POLICE DEPARTMENT; J. WAYNE SEARS; and JENNY L. MATTHEWS, | ) ) ) | |
| Defendants. | ) | |

These three matters come before the court on the memorandums and recommendations ("M&Rs") filed by Magistrate Judge William A. Webb, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). Plaintiff filed a motion for leave to proceed *in forma pauperis* in each of the three separate cases, which are brought against two state attorney's offices, plaintiff's state court attorneys, a local police department, and a police officer.[1] The magistrate judge found plaintiff to be indigent, but recommends that the court dismiss his complaint under 28 U.S.C. § 1915(e)(2). Section 1915 which directs the court to dismiss any case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune to such relief.[2]

The magistrate judge found the precise nature of the claims in each of plaintiff's cases to be unclear, but noted that the allegations appeared to stem from state criminal charges brought against plaintiff. In his M&Rs, the magistrate judge noted that prosecutors are immune from a civil suit under § 1983, that any attack on the fact or length of confinement was not cognizable under § 1983, that success on these suits would necessarily invalidate a state prosecution (in violation of controlling Supreme Court precedent), and that plaintiff generally failed to assert any factual allegations against the individual defendants. He also noted the number of frivolous cases previously filed with the court. For all of these reasons, the magistrate judge recommended that each of plaintiff's three cases be dismissed.

---

[1] The application in No. 5:10-CV-545 was filed November 24, 2010, that in No. 5:10-CV-546 was filed November 12, 2010, and that in No. 5:10-CV-561 was filed December 1, 2010. The M&Rs in the first two cases were entered December 7, 2010, and that in the third case entered a week later, on December 14, 2010.

[2] A fourth case brought by plaintiff also was recently dismissed as frivolous. See McNair v. Rocky Mount Police Dep't, No. 5:10-CV-544-FL, 2010 WL 5478467 (E.D.N.C. Dec. 28, 2010).

2

Absent a specific and timely filed objection, the court reviews a magistrate judge's recommendation under 28 U.S.C. § 636(b) only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Although plaintiff objected to the magistrate judge's analysis in each of his three cases, his objections simply "recommend and request" an award of damages without directing the court to any error in the magistrate judge's analysis.[3] As such, the court reviews the M&R only for clear error.

The court has carefully considered the complaints and the magistrate judge's analysis. The court agrees with the magistrate judge that each of plaintiff's actions are frivolous, and accordingly ADOPTS the magistrate judge's M&Rs in those cases as its own. Plaintiff's actions are DISMISSED, and all pending motions DENIED. The clerk is directed to file this order in each of the three actions and to close these cases.

SO ORDERED, this the ___ day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[3] In each of the three cases, plaintiff filed a more detailed memorandum outside of the fourteen-day window. These memoranda do not squarely address the findings and conclusions of the magistrate judge, and are in any event untimely. As such, they do not dictate *de novo* review of the M&R.

3